AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.   M-21-277   -AMG
Black LG TracFone Wireless device, GPLGL322DCGB; )
model ZNFL322DL )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Western_____ District of _____Oklahoma_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession of a Controlled Substance with Intent to Distribute |
| 21 U.S.C. § 846 | Drug Conspiracy |

The application is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

BRIAN HESS, United States Postal Inspector
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/30/21

*Judge's signature*

City and state: Oklahoma City, Oklahoma

AMANDA MAXFIELD GREEN, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: A BLACK LG TRACFONE WIRELESS DEVICE, GPLGL322DCGB; MODEL ZNFL322DL | M-21- _____-AMG<br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Brian Hess, being duly sworn, do hereby depose and state:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Postal Inspector with the United States Postal Inspection Service (USPIS) and have been so employed since January 2013. I am currently assigned to the Fort Worth Division of the USPIS domiciled in Oklahoma City, Oklahoma. I am responsible for conducting investigations of crimes against the United States Mail in violation of federal law(s). My duties include the investigation of illegal mailings and the receipt of controlled substances, possession of which violates Title 21, United States Code, Sections 841(a)(1) and 846.

2. Prior to working for the USPIS, I was employed as an agent with the Oklahoma State Bureau of Narcotics and Dangerous Drugs (OBNDD) from August 2007 to January 2013. During my employment with the OBNDD, I completed numerous

continuing education courses to include the Oklahoma Bureau of Narcotics Drug Investigator's Course and the Oklahoma Bureau of Narcotics Clandestine Laboratory Certification. In December 2011, I was certified as a single purpose narcotics K9 handler where I worked as a member of the OBNDD Interdiction Unit. I have participated in over three hundred (300) controlled-substance investigations including those for methamphetamine, marijuana, cocaine hydrochloride, cocaine base, heroin, ecstasy, and prescription narcotics. Those investigations related to the possession for sale, possession for personal use, distribution, transportation, trafficking, manufacturing, or cultivation of controlled substances.

3.  Additionally, I have received training on the investigation of dangerous and prohibited mailings, namely, controlled substance investigations, as part of my employment with the USPIS. I have completed the USPIS basic and advanced Contraband Interdiction & Investigations courses. I have participated in regional USPIS interdictions located in Seattle, WA; Sacramento, CA; Fresno, CA; Oakland, CA; San Francisco, CA; and Hawaii. These activities focused on intercepting/investigating controlled-substances and or bulk cash shipments related to illicit drug distribution activities. I have assisted other United States Postal Inspectors and acted as the Affiant for the application and execution of federal search warrants to open and seize contraband, fruits, instrumentalities and evidence of crimes that were sent via the U.S. Mail. Furthermore, over the course of my law enforcement career, I have received over 1,000 hours of law enforcement continuing education instruction provided by the USPIS, the

Drug Enforcement Administration, the Bureau of Alcohol Tobacco and Firearms, the OBNDD; and other state and local law enforcement agencies. I have received an Honorable Mention from the National Association of Police Organizations and have received an award for Heroism by the Federal Law Enforcement Officers' Association.

4. The information contained in this Affidavit is submitted for the limited purpose of establishing probable cause to secure a search warrant for: a Black LG TracFone Wireless device, GPLGL322DCGB; model ZNFL322DL (herein referred to as "**TARGET DEVICE**") as described further in **Attachment A** (physical description), for evidence of violations of federal law, to wit: 21 U.S.C. § 846, Drug Conspiracy and or evidence of 21 U.S.C. § 841(a), Possession with intent to Distribute Controlled Substances, as described further in **Attachment B** (description of items to be seized). The **TARGET DEVICE** is a black LG TracFone Wireless device, GPLGL322DCGB; model ZNFL322DL. The **TARGET DEVICE** is locked preventing investigators from obtaining specific identifying phone information such as the IMEI number or phone number. The **TARGET DEVICE** is currently located in the custody of the United States Postal Inspection Service at 6500 Air Cargo Road, Oklahoma City, Oklahoma 73195 (Western District of Oklahoma).

5. This Affidavit is based upon the Affiant's personal investigation and upon information received from other law enforcement officers and agents and may not be inclusive of all evidence or information available or of all facts known to me relative to this investigation. Rather, I have set forth only the facts that I believe are necessary to

3

establish probable cause for the requested warrant.

## BACKGROUND REGARDING CELLULAR DEVICES

6. Based upon my training and experience, your Affiant is aware:

a. Individuals involved in trafficking illegal narcotics often use cellular phones to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal narcotics. Such cell phones and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of drug trafficking offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, messaging applications, and videos.

b. Drug dealers often switch phones in order to avoid detection from law enforcement, and that drug dealers often have multiple phones that they use for different co-conspirators in order to separate their drug dealing.

c. Drug dealers keep old cellular telephones no longer in use in order to save telephone numbers of other co-conspirators, as well as other relevant information including text messages and photographs.

d. Individuals involved with sending/receiving controlled substances through the US Mail will often utilize their cellular phones to access the internet in order to search for parcel tracking numbers and or to receive parcel tracking status updates identifying the arrival of suspect parcels.

4

e. Drug dealers and users oftentimes have stored photographs, videos and/or text and voice messages associated with the use and distribution of controlled dangerous substances and proceeds derived therefrom for their own records and/or for the purpose of furthering their distribution activity maintained on their cellular telephones and other electronic handheld devices.

f. Drug distributors/consumers will often use coded words and phrases, as well as, extremely vague conversations, in order to discuss their plans and prevent anyone from overhearing their conversations and from recognizing that the conversations concern a criminal drug conspiracy.

g. Prospective drug purchasers, recipients, and/or users will often telephone the drug distributor to obtain permission to come to the distributor's location *i.e.* his business, residence, *etc.*, to obtain the drug.

h. Drug distributors will often have "sales people" bring prospective drug purchasers to him or her and these sales people will receive payment in cash, or in kind (a quantity of drugs), for bringing drug users/buyers to the distributor. These "sales people" often use the telephone to contact the distributor by voice or text message to arrange these meetings.

**PROBABLE CAUSE**

7. This Affidavit is related to the case of United States v. Marcus Lanore Bryant (**BRYANT**), CR-21-090-R. On April 8, 2021, **BRYANT** was indicted following a controlled delivery of narcotics executed by the USPIS. Specifically, on January 11, 2021, the USPIS

5

intercepted Priority Mail parcel 9505 5142 4734 1007 2167 16. The parcel was destined to 2617 NE 17th Street, Oklahoma City, Oklahoma 73111. A federal search warrant (M-21-015-P) was ultimately obtained for the parcel. A search of the parcel revealed it contained multiple items of evidence including: two plastic bottles each containing a dark colored liquid later identified by the DEA laboratory as containing a mixture of phencyclidine (PCP) with a net weight of 1,779 grams, and one bundle of a clear crystalline substance later identified by the DEA laboratory as actual methamphetamine with a net weight of 392 grams.

8. A controlled delivery of the parcel was conducted on January 12, 2021, to the listed destination residence, followed by a search warrant at the property. The occupant of the residence, now a cooperating witness, stated the parcel was ultimately destined to **BRYANT**. **BRYANT** was identified as being a previously convicted felon. The cooperating witness coordinated a meeting later in the day with **BRYANT** in southwest Oklahoma City.

9. Investigators positioned in the area of the arranged meeting location, observed **BRYANT** arrive to the area driving a silver F150 pickup truck displaying Oklahoma license plate EHD-308. **BRYANT** left the area prior to the meeting occurring and was followed by law enforcement. After observing a traffic violation, **BRYANT'S** vehicle was stopped by Oklahoma City Police Department Officers. **BRYANT** was the driver and sole occupant of the vehicle. During the traffic stop, a K9 was deployed around **BRYANT'S** vehicle. The K9 gave a positive alert to the vehicle and a subsequent search was conducted. Located within the vehicle were multiple items of evidence including: a .40 caliber handgun, vials of suspect PCP, suspected controlled substances including cocaine base and cocaine hydrochloride, and

an LG cellular phone. **BRYANT** was in possession of approximately $2,900 in US currency. **BRYANT** was arrested on state charges and transported from the scene. Investigators conducted a search warrant at **BRYANT** residence later in the day which revealed additional items of evidence including: additional quantities of suspected PCP, marijuana, and four additional firearms.

10. A search warrant was later obtained and executed on **BRYANT'S** seized cellular phone from the traffic stop. The phone's stored content was unable to be examined due to passcode protection; however, a memory card within the phone was able to be downloaded and was found to contain several items of evidentiary value including:

- One image depicting a duct taped bundle consistent in shape to two water bottles;
- One image depicting a plastic bottle (no label) containing a dark colored liquid;
- One image depicting a large amount of US currency fanned out on a bed;
- One image depicting several glass bottles at least two of which contain a dark colored liquid;
- One image depicting an AR rifle (consistent with the seized stolen Bushmaster AR-15 rifle from Bryant's residence);
- One image depicting multiple firearms on top of a large amount of US currency;
- One image depicting a handgun with a loaded magazine;
- One image depicting a handwritten note stating "2617 NE 17th OKC, OK 73111 SANDRA DAVIS";

- One image depicting three duct tape wrapped bundles consistent in wrapping appearance to the bundle of methamphetamine seized from the parcel;
- One image depicting two opened plastic water bottles each containing a dark colored liquid – consistent with the appearance of PCP;
- One image depicting a glass jar containing a dark colored liquid-consistent with the appearance of PCP;
- One image depicting a digital scale with a white substance on the scale consistent with cocaine (the scale displays the numbers "9.6" and tied up plastic baggies are also visible – consistent with distribution);
- One image depicting a plastic water bottle containing a dark colored liquid (consistent with PCP) and the bottle has a taped closed lid which was also consistent with the PCP bottles seized from the parcel;
- One image depicting a wire transfer receipt, in the amount of $965.00, which listed the receiver as Kevin Dawayne Long in California; and
- One another image depicting a wire transfer receipt, also destined for Kevin Dawayne Long to be paid out in California, in the amount of $964.85.

11. On April 9, 2021, given his recent indictment, a federal arrest warrant was issued for **BRYANT** in the Western District of Oklahoma. On April 20, 2021, **BRYANT** was observed by law enforcement arriving to work at 1700 NE 4th Street, Oklahoma City, Oklahoma. **BRYANT** was driving a silver F150 pickup truck displaying Oklahoma license plate EHD-308 – the same vehicle he was previously arrested in. **BRYANT**

8

parked his personal truck and ultimately left the area in an assigned work vehicle. Investigators maintained surveillance on his personal truck as well as began to covertly follow him in his work vehicle. **BRYANT** travelled to 2600 N. Martin Luther King Ave., Oklahoma City, Oklahoma, where he was contacted by law enforcement and taken into custody pursuant to his arrest warrant.

12. Located in **BRYANT'S** pockets during his arrest was approximately $4,133.10, digital scales, and a plastic bag containing a white powdery substance (field tested positive for cocaine hydrochloride) with an approximate weight of 4 grams (weighed in packaging). **BRYANT** was also in possession of an LG TracFone (**TARGET DEVICE**). A drug detection K9 was deployed around **BRYANT'S** personal vehicle located at 1700 NE 4th Street. The K9 gave a positive alert to the truck and investigators conducted an additional search of it. Located within the pickup truck were additional items of suspected drug evidence including: suspected PCP, suspected cocaine base and cocaine hydrochloride, suspected methamphetamine, and suspected ecstasy.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

13. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

   a. *Forensic evidence.* This application seeks permission to locate not only electronically stored information that might serve as direct evidence of the

9

crimes described on the warrant, but also forensic evidence that establishes how the Device(s) were used, the purpose of its use, who used it, and when.

b. *Nature of examination.* The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

c. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## MANNER OF SEARCH AS TO VIDEOS, PHOTOGRAPHS, AND STORED COMMUNICATIONS

14. Your Affiant would note that based upon his aforementioned training and experience, relevant and/or incriminating text messages, videos, and photographs oftentimes are comingled on cellular telephones and electronic handheld devices with text messages, videos, and photographs which do not have an evidentiary value. However criminals engaged in communications furthering the nature of their criminal enterprise, in particular with investigations involving the use/distribution of controlled dangerous substances, many of these communications will involve cryptic/guarded and or

otherwise coded jargon which is oftentimes utilized to conceal the nature of their illegal communication. As a result, a limited review of the content of each communication will be necessary to determine the nature of the communication and whether it is relevant to that information particularly set forth above within your Affiant's Affidavit.

15. Searching the electronic handheld device for the evidence described above may require a range of data analysis techniques. In some cases, it is possible for agents to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. For example, agents may be able to execute a 'Keyword" search that searches through the files stored in a computer for special words that are likely to appear only in the materials covered by a warrant. Similarly, officers may be able to locate the materials covered in the warrant by looking for particular directory or file names. In other cases, however, such techniques may not yield the evidence described in the warrant. Criminals can mislabel or hide files to evade detection; or take other steps designed to frustrate law enforcement searches for information. These steps may require officers to conduct more extensive searches, such as scanning areas of the device's memory not allocated to listed files, or opening every file and scanning its contents briefly to determine whether it falls within the scope of the warrant. In light of these difficulties, your affiant requests permission to use whatever dates analysis techniques appear necessary to locate and retrieve the evidence described above.

## AUTHORIZATION REQUESTS

16. Based on the above information, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a) (1) and 846 have occurred, and that evidence, fruits, and instrumentalities of these offenses are located on the **TARGET DEVICE**. Specifically, law enforcement's investigation of **Marcus Bryant** revealed that he had been involved in drug trafficking and used a previous cellular device to facilitate and document his illegal activities. Therefore, I respectfully request that this Court issue a search warrant for the **TARGET DEVICE**, described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**.

BRIAN HESS
United States Postal Inspector
United States Postal Inspection Service

Sworn and subscribed to before me this 30th day of April 2021.

AMANDA MAXFIELD GREEN
United States Magistrate Judge
Western District of Oklahoma

## ATTACHMENT "A"

**TARGET DEVICE**: a black LG TracFone Wireless device, GPLGL322DCGB; model ZNFL322DL. The **TARGET DEVICE** is locked preventing investigators from obtaining specific identifying phone information such as the IMEI number or phone number. The **TARGET DEVICE** is currently located in the custody of the United States Postal Inspection Service at 6500 Air Cargo Road, Oklahoma City, Oklahoma 73195 (Western District of Oklahoma).





## ATTACHMENT "B"

All records on the Device described in Attachment A that relate to violations of law, including, specifically 21 U.S.C. § 846, Drug Conspiracy and or evidence of 21 U.S.C. § 841, Possession with intent to Distribute Controlled Substances. Your Affiant believes there are possibly text messages, contact information, photographs or other items communicated within this device that provide information about illegal activities which involve **Marcus Bryant** and or possible co-conspirators including:

a. Stored communications which are voice recordings/messages, text messages (SMS) and multimedia messages (MMS), emails and attachments, read or unread which relate to and provide evidence of criminal activity described in this affidavit;

b. Stored communications voice or text based located within downloadable messaging applications or social media applications

c. All internet usage history that may reveal evidence of drug trafficking, such as package tracking, internet mail communications, electronic payment receipts, etc.;

d. Call logs/histories depicting incoming/outgoing numbers dialed to and from the above described telephone device which relate to and provide evidence of the above described criminal activity and further described in this affidavit;

e. Internet World Wide Web (WWW) browser files including browser history,

    browser cache, browser favorites, auto-complete form history and stored passwords;

f. Contacts, address books and calendars, customer lists and related identifying information such as names, nicknames and/or monikers within the above described telephone device which relate to and provide evidence of the above described criminal activity and further described in this affidavit;

g. Photographs, audio/video recordings with their associated metadata relating to and which provide evidence of the above described criminal activity and further described in this affidavit;

h. Stored location information including global positioning system (GPS) data indicating coordinates, way points, tracks and locations in which the phone has traveled; and,

i. Data and user records/information, password(s) that would assist in identifying/confirming the owner(s)/user(s) of the above referenced property to be searched.